RFOGG, Judge.
jn ⅛⅛ action for general and property damages, the plamtiffs appeal from a judg-meat of the trial court sustaining the peremptory exception raising the objection of prescription which was filed by the defendants. We reverse.
Joy Ann Green wife oRand Ray Edward Rawls, Sr. filed suit against The Parish of St. Tammany and St. Tammany Drainage District on April 8, 1991. In their petition, the plamtiffs alleged that on February 17, 1986, they purchased property designated as 103 West Queens Drive in Slidell. The plaintiffs alleged that subdivision plats in the public records which included the plaintiffs’ property identified a twenty foot drainage easement across the rear of the property and a five foot easement on the west property line running the length of the property from the front property line to the boundary of the twenty-foot drainage easement; no other public servitudes were identified. According to their petition, in July 1990, the plaintiffs learned from a St. Tammany Parish Police Jury employee that a drainage system was installed and operating beneath the residential building located on their property and not within the dedicated servitudes. The plaintiffs alleged that the defendants caused and permitted the drainage system to be installed and operated beneath their residence, and that such operation caused property damage. The plamtiffs sought general damages and property damage, an order for the defendants to remove the drainage system, and an award of just compensation for inverse condemnation.
The defendants answered and, within their answer, alleged that the plaintiffs’ cause of action was prescribed. The defendants alleged that the particular drainage improvement at issue had been in existence for more than two years. Additionally, the defendants alleged,
This drainage improvement is part of the drainage system for Queens Estates Subdivision and has been in existence for more than two (2) years; therefore, if in fact the PARISH OF ST. TAMMANY accepted into its maintenance system the drainage system for Queens Estates Sub *832 division at the time that the final plat of said subdivision was accepted and recorded, that plaintiffs |s[sic] Petition for Damages is barred by prescription as set forth in Louisiana Revised Statute 9:5624.
The court set the exception for hearing and both parties filed memoranda regarding the prescription issue. At the hearing, the parties did not introduce any evidence, give any testimony or make any stipulations. The hearing consisted of argument of counsel. The court rendered judgment sustaining the exception as to the allegations of property damage and dismissing the plaintiffs’ claims against the defendants for property damage and denying the exception as to the allegations of general damages. The plaintiffs appeal from this judgment. In brief, the plaintiffs contend that prescription has not run as they allege the work was not completed and accepted until September, 1993, when the drain located under the residence was moved to the proper area. Alternatively, the plaintiffs contend that contra non valentum should apply because they could not have had notice of the problem.
LSA-R.S. 9:5624 reads as follows: “When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works.” If a plaintiffs claims are not prescribed on the face of the petition, the burden is on party raising the objection of prescription to prove the facts to support the objection. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991).
In this case, the plaintiffs’ claims were not prescribed on the face of the petition as the plaintiffs made no allegations concerning the time of the completion and acceptance of the drainage system, the time from which the prescriptive period commences. Therefore, the defendants bore the burden of proving that the plaintiffs’ claims were prescribed, and they failed to meet this burden. In their answer, the defendants merely alleged, “if in fact the PARISH OF ST. TAMMANY accepted into its maintenance system the drainage system for Queens Estates Subdivision at the time that the final plat of said subdivision was accepted and | recorded” (emphasis added), then the plaintiffs’ petition was prescribed. This allegation does not conclusively state that the work was completed and accepted more than two years before the plaintiffs filed their petition. The defendants did not present any evidence to support their contention that the work was completed and accepted over two years before the filing of the plaintiffs’ petition.[1] Therefore, the defendants did not meet their burden of proving that the plaintiffs’ claim for property damage was prescribed. We reverse the trial court’s judgment sustaining the defendants’ peremptory exception raising the objection of prescription as to the property damage claim.
For the above and foregoing reasons, the judgment of the trial court insofar as it sustained the peremptory exception raising the objection of prescription as to property damage is reversed. Costs of this appeal in the amount of $353.00 are to be paid by The Parish of St. Tammany and St. Tammany Parish Drainage District.
REVERSED.

. In argument at the hearing on the exception and in the plaintiffs’ appellate brief, the parties asserted facts not contained in the petition or in the record on appeal. This court has no authority to consider on appeal such facts if those facts are not in the record on appeal. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991).